UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

| | | |
|---|---|---|
| THE IOWA CLINIC, P.C., | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY** |
| | ) | **JURY DEMAND** |
| IOWA PAIN CLINIC, LLC AND CENTRAL | ) | |
| STATES MEDICINE, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff The Iowa Clinic, P.C. ("Iowa Clinic") for its Complaint against Defendants Iowa Pain Clinic, LLC ("Iowa Pain Clinic") and Central States Medicine, PLLC ("Central States") states and alleges as follows:

**Introduction**

1. Iowa Clinic has long owned THE IOWA CLINIC mark for medical services, as reflected by its incontestable federal registration of the mark. Iowa Clinic has recently learned that Defendants are using IOWA PAIN CLINIC as a trade name, fictitious name, and service mark for medical services in the same geographic location where Iowa Clinic offers its services. Consumers are likely to confuse Defendants' IOWA PAIN CLINIC services with Iowa Clinic's services, as the United States Patent and Trademark Office ("USPTO") has determined.

2. This action seeks preliminary and permanent injunctive relief, damages, disgorgement of profits, punitive damages, and attorneys' fees to remedy Defendants' violation of Iowa Clinic's intellectual property rights, including Defendants' infringement of a registered

mark in violation of 15 U.S.C. § 1114, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), and common law trademark infringement.

## The Parties

3. Plaintiff Iowa Clinic is a professional corporation formed under the laws of Iowa with its principal place of business at 5950 University Avenue, Suite 321, West Des Moines, Iowa 50266.

4. Upon information and belief, Iowa Pain Clinic is an Iowa limited liability company with its principal place of business at 1300 37th Street, Suite 3, West Des Moines, Iowa 50266.

5. Upon information and belief, Central States is an Iowa limited liability company with the same principal place of business as that of Iowa Pain Clinic: 1300 37th Street, Suite 3, West Des Moines, Iowa 50266.

## Jurisdiction and Venue

6. Counts I and II of this Complaint arise under the laws of the United States, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) respectively. This Court has subject-matter jurisdiction over such claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338. Count III is a common-law trademark infringement claim that is related to Counts I and II and forms part of the same case and controversy. This Court has subject-matter jurisdiction over this claim pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants, both of which are based in West Des Moines, Iowa. Defendants are using the subject name in the Southern District of Iowa and promoting their services using the subject mark in this District, thereby harming Iowa Clinic in this District.

8.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**Factual Allegations Common to All Counts**

Iowa Clinic

9.  Iowa Clinic was formed in 1994.

10. Iowa Clinic is the premier provider of primary and specialty medical care in the Des Moines metropolitan area, with more than two hundred (200) board-certified physicians and healthcare providers.

11. Iowa Clinic is dedicated to providing quality medical services to its patients and enjoys an excellent reputation in the provision of medical services.

12. The services offered by Iowa Clinic include pain management.

THE IOWA CLINIC

13. Iowa Clinic has used THE IOWA CLINIC as a name and a mark to advertise and promote its medical services for more than twenty (20) years.

14. THE IOWA CLINIC mark is distinctive, widely known, and recognized by members of the public who, upon seeing the mark, associate it with Iowa Clinic.

15. Consumers rely on THE IOWA CLINIC as a mark indicating high-quality and reliable medical services originating from a single source.

16. THE IOWA CLINIC has significant and valuable goodwill.

17. Iowa Clinic has common-law rights in THE IOWA CLINIC based on its longstanding and continuous prior use of the mark.

Iowa Clinic's Incontestable Federal Trademark Registration

18. To protect the significant goodwill associated with the mark, Iowa Clinic has federally registered THE IOWA CLINIC for "medical care, namely the practice of medicine and

surgery, osteopathic medicine and surgery, podiatry," United States Trademark Registration No. 2768946. (Exhibit A).

19. Iowa Clinic's federal registration of THE IOWA CLINIC, which issued on September 30, 2003, is in full force and effect. (Exhibit A).

20. Iowa Clinic's federal registration of THE IOWA CLINIC claims a first use date of at least as early as August 17, 1995. (Exhibit A).

21. Iowa Clinic's federal registration of THE IOWA CLINIC has become "incontestable" and serves as conclusive evidence of Iowa Clinic's ownership of THE IOWA CLINIC mark and Iowa Clinic's exclusive right to use the mark in connection with the registered services, pursuant to 15 U.S.C. §§ 1065 and 1115(b). (Exhibit A).

### Defendants Offer Medical Services in Iowa Clinic's Geographical Area

22. Upon information and belief, Defendants are offering medical services, specifically pain management services. (Exhibit B – printouts from www.iowapainclinic.com); (Exhibit C – printouts from www.centralstatesmedicine.com).

23. Upon information and belief, both Defendants offer their services at one location in West Des Moines. (Exhibit B); (Exhibit C). The identical providers are listed at www.iowapainclinic.com and www.centralstatesmedicine.com. (Exhibit B); (Exhibit C).

24. Upon information and belief, Defendants are offering medical services within the geographical area where Iowa Clinic is located. (Exhibit B); (Exhibit C).

25. Defendants' services are directly competitive with Iowa Clinic's services.

### Defendants' Use of IOWA PAIN CLINIC

26. Iowa Clinic has recently learned that Defendants are using IOWA PAIN CLINIC as a trade name and service mark. (Exhibit B); (Exhibit C).

27. One or both Defendants are also using IOWA PAIN CLINIC as a fictitious name. Iowa Pain Clinic, PLLC and Iowa Pain Clinics, PLLC are fictitious names of Central States. (Exhibit D).

28. Iowa Clinic has recently learned that Defendants are using IOWA PAIN CLINIC as a mark in commerce in advertising and promoting their medical services, without any authorization from Iowa Clinic. (Exhibit B).

29. Consumers are likely to mistakenly believe that Defendants' services are offered by Iowa Clinic or are in some way sponsored by, affiliated with, or endorsed by Iowa Clinic.

30. The marks THE IOWA CLINIC and IOWA PAIN CLINIC are so similar as to be indistinguishable.

31. Defendants' use of IOWA PAIN CLINIC emphasizes the elements of IOWA and CLINIC, which are also present in Iowa Clinic's mark.  At www.iowapainclinic.com, color is used to emphasis the words IOWA and CLINIC in offering medical services:



(Exhibit B).   Upon information and belief, Defendants want consumers to encounter IOWA PAIN CLINIC as a variant of THE IOWA CLINIC.

32. Upon information and belief, Defendants are using IOWA PAIN CLINIC with the intention of creating the impression that Defendants' services originate from The Iowa Clinic, when in fact they do not.

5

33. Upon information and belief, Defendants' services are intended to be and are targeted toward a substantial segment of the public that has long been familiar with Iowa Clinic's services offered under THE IOWA CLINIC mark, including but not limited to pain management services.

34. Upon information and belief, Defendants are engaging in use of IOWA PAIN CLINIC as a name and a mark to trade off of and usurp for themselves the value of THE IOWA CLINIC name and mark and the goodwill associated therewith.

35. Because Iowa Clinic has no control over the quality of Defendants' services, the goodwill associated with THE IOWA CLINIC is jeopardized and damaged by Defendants' conduct and will continue to be jeopardized and damaged for so long as Defendants continue to use IOWA PAIN CLINIC as a name or mark.

36. To the extent that the quality of Defendants' services are inferior to the quality services provided by Iowa Clinic, consumers will be damaged.

37. Iowa Clinic has recently experienced instances of actual confusion demonstrating that consumers are confused by Defendants' use of IOWA PAIN CLINIC.

38. Defendants' unauthorized use of IOWA PAIN CLINIC as a trade name, fictitious name, and a mark for medical services violates Iowa Clinic's exclusive right to use THE IOWA CLINIC for such services.

39. Upon information and belief, Defendants must have been aware of THE IOWA CLINIC when they chose to adopt IOWA PAIN CLINIC as a name and mark, given the fame of Iowa Clinic's mark as well as the parties' common geographic locations.

40. Upon information and belief, Defendants have acted maliciously and in willful and wanton disregard of Iowa Clinic's rights.

41.     Upon information and belief, Defendants have willfully and knowingly infringed Iowa Clinic's trademark rights.

42.     Defendants' conduct has caused substantial and irreparable damage to Iowa Clinic.

43.     Iowa Clinic's remedies at law are not adequate.

44.     Defendants' conduct will continue to irreparably harm Iowa Clinic unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Iowa Clinics' rights.

The United States Patent and Trademark Office (USPTO) Has Found a
Likelihood of Confusion between The Parties' Marks

45.     On January 26, 2016, Iowa Pain Clinic filed an application with the USPTO to federally register IOWA PAIN CLINIC for "medical services; medical clinics," Serial No. 86886642. (Exhibit E).

46.     On May 17, 2016, the USPTO issued an office action refusing registration of IOWA PAIN CLINIC on several grounds, including likelihood of confusion between Iowa Clinic's registered mark THE IOWA CLINIC and the IOWA PAIN CLINIC mark. (Exhibit F - Excerpt of Office Action).

47.     The Examining Attorney of the USPTO determined that the similarity of the parties' marks supports a finding of likelihood of confusion, stating: "the marks of the parties share the identical terms 'IOWA' and 'CLINIC' such that the marks are similar in appearance, sound and meaning." (Exhibit F).

48.     The Examining Attorney found the parties' services to be "legally identical," which further supports the finding of likelihood of confusion. (Exhibit F).

49. In refusing Iowa Pain Clinic's application, the Examining Attorney explained that the "overriding concern" of likelihood of confusion analysis "is not only to prevent buyer confusion as to the source of goods and/or services, but to protect the registrant [Iowa Clinic] from adverse commercial impact due to use of a similar mark by a newcomer." (Exhibit F).

50. Defendants persist in their use of IOWA PAIN CLINIC as a trade name, fictitious name, and mark, notwithstanding the USPTO's finding that consumers are likely to be confused.

51. Upon information and belief, Defendants are forging ahead on a branding strategy to trade off of Iowa Clinic's name and goodwill in blatant disregard of Iowa Clinic's rights as recognized by the USPTO.

**Count I – Trademark Infringement Under 15 U.S.C. § 1114**

52. Iowa Clinic repeats and re-alleges each of the above paragraphs as if set forth fully herein.

53. Iowa Clinic is the owner of U.S. Trademark Registration No. 2768946 of THE IOWA CLINIC for "medical care, namely the practice of medicine and surgery, osteopathic medicine and surgery, podiatry," which has achieved incontestable status. (Exhibit A).

54. Defendants' use of IOWA PAIN CLINIC as a trade name, fictitious name, and mark is likely to cause consumer confusion, deception, and mistake among consumers as to the source, sponsorship, affiliation, and enforcement of Defendants' medical services offered in connection with IOWA PAIN CLINIC.

55. Defendants' use of IOWA PAIN CLINIC, without Iowa Clinic's consent, constitutes willful and intentional infringement of Iowa Clinic's federally registered and incontestable mark in violation of 15 U.S.C. § 1114.

56. Iowa Clinic is entitled to recovery of treble damages and/or treble profits.

57. Because this is an exceptional case, Iowa Clinic is entitled to recovery of its reasonable attorney fees.

58. Defendants' conduct has caused and will continue to cause damage to Iowa Clinic and jeopardize the goodwill symbolized by THE IOWA CLINIC, causing immediate, serious, and irreparable injury to Iowa Clinic for which Iowa Clinic does not have an adequate remedy at law.

### Count II – False Designation of Origin and Unfair Competition
### Under 15 U.S.C. § 1125(a)

59. Iowa Clinic repeats and re-alleges each of the above paragraphs as if set forth fully herein.

60. Iowa Clinic developed rights and protected interests in THE IOWA CLINIC name and mark long prior to Defendants' use of IOWA PAIN CLINIC.

61. Upon information and belief, Defendants' purpose is using IOWA PAIN CLINIC as a name and mark is to trade on the goodwill associated with THE IOWA CLINIC name and mark.

62. Defendants are using in commerce false designations of origin, including IOWA PAIN CLINIC, in connection with the promotion of their medical services which tend to falsely describe the origin of such services and the sponsorship, affiliation, or endorsement by Iowa Clinic of such services.

63. Defendants' use of IOWA PAIN CLINIC as a name and as a mark in connection with medical services is likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection, and association of Defendants with Iowa Clinic.

64. Defendant's use of IOWA PAIN CLINIC constitutes willful and intentional false designation of origin, unfair competition, palming off, and infringement of Iowa Clinic's

9

federally-registered mark and common-law rights in THE IOWA CLINIC under 15 U.S.C. § 1125(a).

65. Iowa Clinic is entitled to recovery of treble damages and/or treble profits.

66. Because this is an exceptional case, Iowa Clinic is entitled to recovery of its reasonable attorney fees.

67. Defendants' conduct has caused and will continue to cause damage to Iowa Clinic and jeopardize the goodwill symbolized by THE IOWA CLINIC mark, causing immediate, serious, and irreparable injury to Iowa Clinic for which it does not have an adequate remedy at law.

## Count III – Common Law Trademark Infringement

68. Iowa Clinic repeats and re-alleges each of the above paragraphs as if set forth fully herein.

69. THE IOWA CLINIC is a valid service mark owned by Iowa Clinic.

70. Iowa Clinic owns common-law trademark rights in THE IOWA CLINIC and developed such rights long prior to Defendants' use of IOWA PAIN CLINIC.

71. Defendants' use of IOWA PAIN CLINIC is likely to cause consumer confusion, deception, and mistake among consumers as to the source, sponsorship, affiliation, and enforcement of Defendants' medical services offered in connection with IOWA PAIN CLINIC.

72. Defendants' conduct constitutes infringement of Iowa Clinic's common law trademark rights.

73. Upon information and belief, Defendants' conduct is malicious and in willful and wanton disregard of Iowa Clinic's rights.

74. Iowa Clinic is entitled to recovery of damages and/or disgorgement of Defendants' profits, as well as punitive damages.

75. Iowa Clinic is entitled to recovery of its attorney fees.

76. Defendants' conduct has caused and will continue to cause damage to Iowa Clinic and jeopardize the goodwill symbolized by THE IOWA CLINIC, causing immediate, serious, and irreparable injury to Iowa Clinic for which Iowa Clinic does not have an adequate remedy at law.

## Prayer for Relief

WHEREFORE, Iowa Clinic prays for a judgment in its favor and against Defendants as follows:

A. A judgment that Defendants have infringed Iowa Clinic's federally-registered and common law trademark rights and engaged in false designation of origin and unfair competition, under 15 U.S.C. §§ 1114 and 1125(a) and the laws of the state of Iowa.

B. A preliminary and permanent injunction immediately restraining Defendants, their officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with them from:

1. Using IOWA PAIN CLINIC as a trade name or fictitious name;

2. Using any name confusing similar to THE IOWA CLINIC;

3. Using IOWA PAIN CLINIC as a mark in connection with medical services;

4. Using any mark confusing similar to THE IOWA CLINIC in connection with medical services;

5. Engaging in any other conduct that is likely to cause the mistaken belief that Defendants' services originate from or are in any way sponsored by, affiliated with, or endorsed by Iowa Clinic; and

6. Otherwise competing unfairly with Iowa Clinic in any manner.

C. A judgment that Defendants are directed to pay to Iowa Clinic (1) all damages suffered by Iowa Clinic, trebled, or all profits that Defendants have derived from using IOWA PAIN CLINIC, trebled, whichever is higher; (2) costs, attorneys' fees, and prejudgment interest to the fullest extent provided for by 15 U.S.C. § 1117 and/or common law; and (3) punitive damages to the fullest extent available under the common law.

D. A judgment awarding ownership of the domain name www.iowapainclinic.com to Iowa Clinic and requiring Defendants to immediately transfer such domain name to Iowa Clinic; and

E. That Iowa Clinic be awarded such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/ *Jeffrey D. Harty*
Jeff Harty    (AT0003357)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-8038
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com

AND

Sarah J. Gayer  AT0002757
NYEMASTER GOODE, P.C.
625 1ST Street SE, Suite 400
Cedar Rapids, IA 52401
Telephone:  319-286-7000
Fax:  319-286-7050
Email:   sjgayer@nyemaster.com

ATTORNEYS FOR PLAINTIFF